UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CAMERON,<br><br>         Plaintiff,<br><br>   v.<br><br>ALEX VILLANUEVA, et al.,<br><br>         Defendants. | Case No. CV 19-395-DSF (SP)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.
## <u>PROCEEDINGS</u>

On January 17, 2019, plaintiff Steven Cameron, proceeding pro se and in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In the Complaint, plaintiff alleged his civil rights were violated while he was confined at the Los Angeles County Jail.

The Court issued its initial order in this case on January 25, 2019, in which the Court advised plaintiff that it was screening the complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court also advised plaintiff that "plaintiff must

immediately notify the court (and defendants or defendants' attorneys) of any change in plaintiff's address and the effective date.  If plaintiff fails to keep the court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution."

On October 7, 2019, the Court found the Complaint subject to dismissal, and granted plaintiff leave to file a First Amended Complaint by November 6, 2019. Plaintiff did not file a First Amended Complaint by that date, or at all.

After failing to receive a First Amended Complaint or any other communication from plaintiff, on April 24, 2020, the Court issued an Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Prosecute ("OSC").  Plaintiff was ordered to respond to the OSC by May 15, 2020, and show cause why the action should not be dismissed for failure to prosecute and/or comply with a court order.  The Court gave plaintiff several options for responding to the OSC, including showing cause in writing why the action should not be dismissed, filing a First Amended Complaint, filing a Notice of Dismissal of the action, or electing to stand on his Complaint.  The Court cautioned plaintiff that his failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond to the OSC by the May 15, 2020 deadline as ordered, and has not filed a First Amended Complaint.  A copy of the OSC that was mailed to plaintiff at his address of record was returned to the Court as

undeliverable on May 12, 2020.  The Court has not received any response or other communication from plaintiff since January 17, 2019, when plaintiff filed the Complaint.

## II.
## DISCUSSION

The original complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's October 7, 2019 order finding the Complaint subject to dismissal.  The Court granted plaintiff leave to amend, but plaintiff has ceased complying with or responding to court orders.  Plaintiff has failed to file a First Amended Complaint remedying the original Complaint's deficiencies.  Plaintiff also has failed to keep the Court informed of his current address, despite being directed to do so in the initial order sent to plaintiff just after he filed his Complaint, so that the Court has no way to contact plaintiff.  Further, plaintiff failed to respond to the OSC by the deadline to do so, perhaps not surprisingly since the OSC was returned as undeliverable.  Plaintiff's failure to file a First Amended Complaint, failure to respond to the Court's OSC, and failure to keep the Court informed of a correct mailing address evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a party's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to

comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to file a First Amended Complaint as directed, failed to respond to the Court's April 24, 2020 OSC, and has not kept the Court informed of a correct mailing address. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*,

191 F.3d at 991-92.  Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders.  Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)).  Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to file a First Amended Complaint, failing to respond to the Court's April 24, 2020 OSC, and failing to keep the Court informed of a current mailing address, plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal.  "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation marks omitted).  In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) advising plaintiff in its initial

order that if plaintiff fails to keep the court informed of a correct mailing address, this case may be dismissed; (2) cautioning plaintiff in its October 7, 2019 dismissal order that failure to timely file a First Amended Complaint may result in a recommendation of dismissal; (3) after plaintiff's deadline to file a First Amended Complaint passed, waiting five months before issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; (4) in that OSC, giving plaintiff several options for how he could proceed, including filing a First Amended Complaint, giving notice he was standing on the Complaint, or dismissing the Complaint; and (5) waiting more than a month beyond the deadline to respond to the OSC before issuing this order.  Plaintiff has not communicated with the Court in any fashion since January 17, 2019.  Further, dismissal without prejudice is less drastic than dismissal with prejudice.  As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: June 26, 2020

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

1  Presented by:

3  _____
4  SHERI PYM
   UNITED STATES MAGISTRATE JUDGE